## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1)  CACTUS DRILLING COMPANY, LLC,<br><br>                           Plaintiff,<br><br>v.<br><br>(1)  NATIONAL UNION FIRE INSURANCE<br>       COMPANY OF PITTSBURGH, PA and<br>(2)  CHARTIS CLAIMS, INC.,<br><br>                           Defendants. | Case No. CIV-12-191-M<br>Beckham County CJ-2012-002 |

### DEFENDANTS' NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Pursuant to 28 U.S.C. §1441(a), defendants National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") and Chartis Claims, Inc. ("Chartis") hereby submit this notice of removal.  In support of this notice, defendants state as follows:

1.  The initial petition in this action was filed on or about January 3, 2011 in the District Court of Beckham County, Oklahoma.  The case was assigned Case No. CJ-2012-002.  The plaintiff served National Union with process on January 23 2012.  National Union is a Pennsylvania corporation engaged in the insurance business with a principal place of business in New York, New York.  The plaintiff served Chartis with process on January 23, 2012.  Chartis is a Delaware corporation engaged in the insurance business with a principal place of business in New York, New York.  The petition seeks venue in Beckham County, Oklahoma.  A true and correct copy of the district court's

**DEFENDANTS' NOTICE OF REMOVAL - PAGE 1**
1701885 v1
08414-495

docket sheet, including all process, pleadings and orders served on defendants in the district court action is filed with this notice as required by 28 U.S.C. §1446 and Local Rule LCvR 81.2, and attached hereto as Exhibits 1 through 6, and made part hereof.

2.      Pursuant to 28 U.S.C. §1446(b), this petition is being timely filed with this Court within 30 days after service of the petition upon defendants (*i.e.,* within 30 days of January 23, 2012).

3.      In the petition, plaintiff alleges causes of action for breach of contract, estoppel/ waiver, breach of the duty of good faith and fair dealing, negligence, fraud and misrepresentation. The plaintiff Cactus Drilling Company, LLC, is alleged to be a resident of Oklahoma. The moving defendants are Delaware and Pennsylvania corporations, domiciled in New York.

4.      Plaintiff's petition does not allege a specific amount in controversy, but seeks breach of contract and unspecified actual damages. In an action for declaratory relief where the applicability of coverage is at issue, the amount in controversy is the value of the underlying action. *Cf. Hunt v. Washington State Apple Adv. Com'n*, 432 U.S. 333, 347 (1977)("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the subject of the litigation."); *Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 911 (5th Cir. 2002)(the amount in controversy for diversity jurisdiction for an action for declaratory judgment on claims of insurance coverage is based on the value of the underlying claim). The complaint specifies a verdict against Cactus of $1.4 million, for which National Union

denied coverage as the basis for the claims against National Union and Chartis.  Based on the petition, there is sufficient evidence of an amount in controversy exceeding $75,000. *See Liberty Surplus Ins. Corp. v. Slick Willie's of America*, 2007 WL 1795860 (S.D. Tex. June 21, 2007)(underlying petitions alleging a death and serious injuries arising out of a two-car collision are sufficient evidence for an amount in controversy in the insurance coverage action exceeding $75,000); *Polleti v. Sears, Roebuck & Co.*, 46 Fed.Appx. 226 (5th Cir. 2002)(when underlying complaint alleged serious and painful injuries to plaintiff's feet, left elbow and hand and tailbone, the court found the amount in controversy "facially apparent" for diversity jurisdiction).

5.  Therefore, because this action is wholly between citizens of different states, and because the amount in controversy exceeds $75,000 exclusive of interest and costs, this court has original jurisdiction over this cause pursuant to 28 U.S.C. §1332(a)(1). Therefore, this court has original jurisdiction over this action because there is complete diversity of citizenship between the plaintiff and the defendants, and the amount the amount in controversy in this case exceeds $75,000, exclusive of interests and costs.

6.  Venue of this removal is proper under 28 U.S.C. §1441 because this court is the United States District Court for the district corresponding to the place where the state court action was pending.

7.  Written notice of the filing of this notice will be given to the plaintiff and filed with the District Clerk of Beckham County, Oklahoma.

WHEREFORE, the defendants National Union Fire Insurance Company of Pittsburgh, Pa. and Chartis Claims, Inc. respectfully request that the United States District Court for the Western District of Oklahoma accept this Notice of Removal and that it assume jurisdiction of this action and issue such orders and processes as may be necessary to bring before it all parties necessary for the trial.

Respectfully submitted,

*s/ Michael L. Carr*

Michael L. Carr, OBA #17805
Carson C. Smith, OBA #22303
HOLDEN & CARR
15 East 5th Street, Suite 3900
Tulsa, OK 74103
(918) 295-8888; (918) 295-8889 – FAX
MikeCarr@HoldenLitigation.com
CarsonSmith@HoldenLitigation.com

Ellen Van Meir
TX State Bar No. 00794164
THOMPSON, COE, COUSINS & IRONS, LLP
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201-2832
(214) 871-8200; (214) 871-8209 - FAX
evanmeir@thompsoncoe.com

**COUNSEL FOR DEFENDANTS NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA and CHARTIS CLAIMS, INC.**

### CERTIFICATE OF SERVICE

This is to certify that on February 21, 2012, a true and correct copy of the foregoing was sent via facsimile to plaintiff's counsel of record, Roger E. Beecham, SHANNON, GRACEY, RATLIFF & MILLER, LLP, Bank of America Plaza, 901 Main Street, Suite 4600, Dallas, Texas, 75052.

s/ *Michael L. Carr*
Michael L. Carr