### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CACTUS DRILLING COMPANY, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-12-00191-M |
| | ) |
| NATIONAL UNION FIRE INSURANCE | ) |
| COMPANY OF PITTSBURGH, PA and | ) |
| CHARTIS CLAIMS, INC., | ) |
| | ) |
| Defendants. | ) |

### ORDER

Before the Court is Defendants' Motion to Strike Plaintiff's Affidavit Evidence in Support of Plaintiff's Motion for Partial Summary Judgment, filed on May 05, 2013. On June 21, 2013, plaintiff filed its response, and on June 28, 2013, defendants filed their reply. Based upon the parties' submissions, the Court makes its determination.

Defendants move to strike the affidavit of Kathy Willingham[1] ("Willingham"), which is attached as Exhibit 1 to plaintiff's Motion for Partial Summary Judgment. Federal Rule of Civil Procedure 56(e)(1) provides: "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible evidence, and show that the affiant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Thus, an affidavit is inadmissible where the witness testifies to an event she could not have actually perceived or observed. *Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1200 (10th Cir. 2006) (citations omitted).

Defendants assert that the affidavit of Willingham should be stricken because Willingham

---

[1] Kathy Willingham is Cactus' Vice-President of Human Resources & Health Safety Environment.

has no qualification to opine as to coverage and compliance requirements. Specifically, defendants object to paragraph 4 of the affidavit where Willingham testifies that National Union failed to give any notice that the Employer's Liability/Stop Gap Coverage Limitation Endorsement with Substantial Certainty Exclusion ("endorsement clause") included in the 2006-07 Policy would not be included in the renewal polices. Defendants contend that her statement is incorrect and amounts to a legal conclusion.[2] In addition, defendants object to paragraph 5 of the affidavit where Willingham testifies that plaintiff purchased the National Union coverage expecting that the policy would apply to claims against plaintiff by employees in Oklahoma and that had plaintiff known the policy did not provide coverage for such claims, plaintiff would not have purchased the said policy. Defendants contend that this is speculative testimony, especially since Willingham has not identified any other excess coverage policy Cactus could have bought. Lastly, defendants object to paragraph 6 of the affidavit where Willingham recites facts relating to the underlying litigation that gave rise to this insurance coverage dispute. Defendants contend that this is also improper testimony because she is not a fact witness to the incident and does not have the personal knowledge to testify to the actual facts themselves in the underlying incident.

Having reviewed the parties' submissions, the Court finds that Willingham's affidavit testimony should not be stricken. Specifically, the Court finds that the affidavit makes it clear that Willingham was responsible for selection, acquisition, and purchase of insurance for plaintiff during the relevant time periods. The Court, therefore, finds that Willingham is precisely the person that has the personal knowledge to testify on whether Cactus received any notice from defendants

---

[2] Defendant asserts "notice" in this case is a legal issue, therefore, Willingham's testimony on "notice" is a legal conclusion.

regarding the elimination of the endorsement clause in the post 2006-07 policies.  In addition, because of her position, Willingham may also testify about Cactus' expectation with respect to the policies at issue.  Accordingly, the Court finds that Willingham's testimony in paragraphs 4 and 5 is neither speculative nor legally conclusive statements, but rather, proper testimony based on her personal knowledge.

However, the Court finds that Willingham's testimony in paragraph 6 should be stricken because she has not shown that she has personal knowledge of the underlying litigation.  Plaintiff's and Willingham's conclusory statements that Willingham has personal knowledge of the underlying litigation and was intimately involved in the management of the underlaying litigation is not sufficient.  Accordingly, the Court finds that paragraph 6 of the Affidavit of Kathy Willingham's testimony should be stricken.

Accordingly, for the reasons set forth above, the Court GRANTS in part and DENIES in part Defendants' Motion to Strike Plaintiff's Affidavit Evidence in Support of Plaintiff's Motion for Partial Summary Judgment [docket no. 135] and STRIKES paragraph 6 of the Affidavit of Kathy Willingham.

**IT IS SO ORDERED this    29th    day of October, 2013.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE