# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CACTUS DRILLING COMPANY, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-12-00191-M |
| | ) |
| NATIONAL UNION FIRE INSURANCE | ) |
| COMPANY OF PITTSBURGH, PA and | ) |
| CHARTIS CLAIMS, INC., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is Plaintiff's Objection To and Motion To Strike Amended Declaration of David Rhodes and Accompanying Exhibits, filed on November 7, 2013. On November 27, 2013, defendants filed their reply, and on December 05, 2013, plaintiff filed its reply. Based upon the parties' submissions, the Court makes its determination.

This matter arises out of an insurance dispute between the insured Cactus Drilling Company, LLC ("plaintiff") and the insurer National Union Fire Insurance Company and its claims administrator Chartis Claims, Inc. (collectively "defendants"). On April 01, 2013, plaintiff filed a Partial Motion for Summary Judgment. On May 31, 2013, defendants filed their response brief with a Declaration Affidavit of Rhodes and accompanying letters attached as an exhibit. On November 01, 2013, the Court allowed defendants to amend the Declaration Affidavit of Rhodes ("Rhodes' Affidavit"). Plaintiff now moves the Court to strike Rhodes' Affidavit and the accompanying letters.

Federal Rule of Civil Procedure 56(c)(4) provides: "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be

admissible evidence, and show that the affiant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

Plaintiff moves the Court to strike Rhodes' Affidavit on grounds that: (1) Rhodes failed to establish that he has the requisite personal knowledge; (2) Rhodes' Affidavit and its accompanying letters are irrelevant and, thus, inadmissible; and (3) defendants have abused the discovery process[1] and, thus, should not be permitted to use the affidavit.

Having reviewed the parties' submissions, the Court finds that Rhodes' Affidavit should not be stricken. First, the Court finds that Rhodes[2] has established that he has the requisite personal knowledge. Specifically, Rhodes states, in his affidavit, that AIG was the underwriter for National Union on the policies at issue here; that he has been employed by AIG Property Casualty for fourteen (14) years; in his position, he is familiar with and has reviewed the underwriting files for the pertinent policies at issue; and he is the custodian of such records. Accordingly, the Court finds that Rhodes' Affidavit should not be stricken on this ground.

In addition, the Court finds that Rhodes' Affidavit and its accompanying letters are relevant. Specifically, the Court finds that one of the issues raised in this lawsuit is whether defendants were legally required to provide notice to plaintiff regarding the alleged change in the insurance policies defendants issued to plaintiff and, if so, whether defendants provided such notice. Defendants offer these letters in attempt to show that, notwithstanding their belief that

---

[1] The Court rejects plaintiff's invitation to strike Rhodes' Affidavit on this ground. As asserted in all the discovery motions filed in this case by both parties, the parties again engage in a back and forth exchange asserting that the opposing party is abusing the discovery process through their obstructionist or bad faith behavior. The Court declines to entertain the parties' constant back and forth allegations.

[2] The Court also notes that Rhodes has been designated as defendants' Rule 30(b)(6) Corporate Representative and deposed by plaintiff.

they were not legally required to provide notice to plaintiff, defendants did provide sufficient notice to plaintiff of any changes in the policies thereby impeaching plaintiff's contention that it did not receive such notice.[3]  The Court, therefore, finds that these letters are relevant and, thus, Rhodes' Affidavit should not be stricken on this ground.

Accordingly, the Court DENIES plaintiff's Objection To and Motion To Strike Amended Declaration of David Rhodes and Accompanying Exhibits [docket no. 215].

**IT IS SO ORDERED** this 12th day of December, 2013.

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff objects that Rhodes does not have the requisite personal knowledge to assert that the exhibit letters attached to Rhodes' Affidavit were in fact mailed and, thus, the letters cannot be presented as evidence that plaintiff received notice.  Under Oklahoma law, "[w]hen a letter is placed in the mail system bearing a correct address and sufficient postage to reach its destination, a rebuttable presumption arises that the letter did in fact reach the addressee. *In the absence of sufficient rebuttal evidence, the presumption prevails.*"  Booth v. McKnight, 70 P.3d 855, 858 (Okla. 2003) (citations omitted).  The Court finds that Rhodes has displayed the requisite personal knowledge that the letters were in fact mailed.  Specifically, in Rhodes' Affidavit and his subsequent deposition transcript referred to by both parties, Rhodes explains that AIG sent the notice to plaintiff on behalf of defendants.  Rhodes also explains, in detail, AIG's mailing process which involves a third party vendor mailing documents, such as the ones at issue, as a matter of course for AIG. According to Rhodes' deposition, the original letters are mailed to the customer and copies of the mailed letters are electronically archived in an electronic paperless system.  Accordingly, the Court finds plaintiff's objections to be without merit.