# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CACTUS DRILLING COMPANY, LLC, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-12-00191-M |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA and CHARTIS CLAIMS, INC., | ) |
| Defendants. | ) |

## ORDER

On November 27, 2013, Cactus Drilling Company, LLC ("Cactus") filed Plaintiff's Motion for Clarification of the Court's October 3, 2013 Order and To Compel, and Request for Expedited Ruling, and Brief in Support ("Motion to Compel"). On December 09, 2013, defendants filed their response, and on December 11, 2013, Cactus filed its reply. On December 31, 2013, the Court issued an order granting in part and denying in part Cactus' motion. In that order, the Court also instructed the parties to provide a status update on the discovery issues raised in Cactus' motion. On January 13, 2014, the parties filed a Joint Status Report. In their report, the parties advise the Court that they only need instruction on discovery issues regarding Melissa Valerio's hard copy Cactus files and the production of documents relating to "*Man v. Steel*" case. Based upon the parties' submissions, the Court makes its determination.

I.  Discussion

Generally, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). If a party withholds otherwise discoverable documents claiming privilege, the asserting party bears the burden of establishing the existence of the privilege and must make a clear showing that the privilege

applies. *Metzger v. Am. Fid. Assur. Co.*, No. CIV-05-1387-M, 2007 WL 3274922, at *1 (W.D. Okla. Oct. 23, 2007) (citations omitted). If a party contends that the asserting party has waived the privilege,

> [t]hree factors are consistently applied by the courts in evaluating whether or not a party has waived an otherwise applicable privilege through some affirmative act.
> 1. Whether the assertion of the privilege is the result of some affirmative act, such as filing suit or asserting an affirmative defense, by the asserting party.
> 2. Whether the asserting party, through the affirmative act, put the protected information at issue by making it relevant to the case.
> 3. If the privilege was applied, would it deny the opposing party access to information that was vital to the opposing parties defense.

*Cardtoons, L.C. v. Major League Baseball Players Ass'n*, 199 F.R.D. 677, 681 (N.D. Okla. 2001).

Cactus moves the Court to compel defendants to produce documents relating to the circumstances of the destruction of Melissa Valerio's ("Valerio") hard copy Cactus file, which defendants assert was accidently discarded in March or April of 2013 when Valerio's office was cleaned out upon her departure from the company. Specifically, Cactus seeks documents pertaining to defendants' document retention and litigation hold practices and policies, seeks to depose a witness with knowledge of what was done with Valerio's hard copy Cactus file, and seeks to depose a witness on defendants' document retention and litigation hold practices and policies, and whether they were followed as it pertains to Valerio.

Having carefully reviewed the parties' submissions, the Court finds that defendants should be compelled to produce documents pertaining to their document retention and litigation hold practices and policies, produce a witness for deposition regarding what was done with Valerio's hard copy Cactus file, and further produce a witness on their document retention and litigation hold practices and policies, and whether such policies were followed in regards to Valerio's hard copy Cactus file.

2

Cactus also moves the Court to compel defendants to produce documents relating to the *Man v. Steel* case/claim. Cactus contends that Jeannette Paull ("Paull") waived any claim of privilege with respect to this request when she revealed the content of the coverage opinion in an e-mail to Charles Weber ("Weber"). In response, defendants object that this matter is privileged, and Paull did not cite or rely on the advice of counsel as any basis for denial of Cactus' claim. Based on this lack of reliance, defendants assert that Paull did not waive any privilege as Paull did not put any privileged material at issue.

Having reviewed the parties' submissions, the Court finds that defendants should be compelled to produce documents relating to the *Man v Steel* case/claim. Specifically, reviewing the content of Paull's email to Weber, contrary to defendant's assertions, the Court finds that Paull placed an otherwise privileged material at issue. *See* Mot. to Comp, Ex. 3 [docket no. 227]. Accordingly, the Court finds that defendants should be compelled to produce the original coverage opinion, the draft denial letter, and any amendments to the coverage opinion or denial letter in the *Man v. Steel* case.

II.  Conclusion

Accordingly, the Court GRANTS Plaintiff's Motion for Clarification of the Court's October 3, 2013 Order and To Compel, and Request for Expedited Ruling [docket no. 227], and Brief in Support as set forth above.

**IT IS SO ORDERED this  30th  day of January, 2014.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE