CACTUS DRILLING COMPANY, LLC,   )
                                          )
                Plaintiff,        )
                                          )
v.                                          )     Case No. CIV-12-00191-M
                                          )
NATIONAL UNION FIRE INSURANCE  )
COMPANY OF PITTSBURGH, PA and  )
CHARTIS CLAIMS, INC.,           )
                                          )
                Defendants.     )

## ORDER

This case is scheduled for trial on the Court's May 2014 trial docket.

Before the Court is Defendants' Motion for Final Summary Judgment and Brief in Support, filed June 01, 2013. On June 22, 2013, plaintiff filed its response. On August 01, 2013, defendants filed their reply, and on November 11, 2013, plaintiff filed its surreply. Based upon the parties' submissions, the Court makes its determination.

I.     Introduction

This matter arises out of an insurance dispute between the insured Cactus Drilling Company, LLC ("Cactus") and the insurer National Union Fire Insurance Company ("National Union"). In 2006, Cactus obtained a Commercial Umbrella Liability Policy from National Union. Chartis Claims, Inc. ("Chartis Claims") served as the administrator of the policy and Liberty Mutual Insurance Company ("Liberty Mutual") provided the underlying Worker's Compensation and Employers Liability Policy. Subsequently, National Union issued policies covering the following time periods: 2007-08, 2008-09, and 2009-10.

On November 17, 2009, two Cactus employees were killed during the course and scope of their employment. The deceased's estates initiated a lawsuit against Cactus. During the lawsuit, Cactus requested Liberty Mutual and National Union to defend or indemnify Cactus for its liability in the underlying lawsuit. After initially denying Cactus' request, Liberty Mutual subsequently indemnified Cactus' claim up to the policy limit. Chartis Claims, however, on July 6, 2011, sent a letter, on behalf of National Union, to Cactus denying coverage on grounds that Cactus' Commercial Umbrella Liability Policy did not cover this incident. As a result, Cactus initiated this lawsuit against National Union and Chartis Claims (collectively "defendants") asserting breach of contract, waiver and estoppel, breach of the duty of good faith and fair dealing, illusory coverage, negligence, and fraud claims.

At the time of the underlying incident, the 2009-10 policy applied. In relevant part, the 2009-10 policy ("the policy") provides that the policy applies only if there is a "bodily injury" that occurs during the "policy period" as a result of an "occurrence". Docket No. 112, Ex. 1-4, at CACTUS 000256. The policy defines "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." *Id.* at 000276. The policy also excludes coverage for "bodily injury . . . expected or intended" from the standpoint of the insured. *Id.* at 000263. However, the 2006-07 policy contained an endorsement clause titled "Employers' Liability/ 'Stop-Gap' Coverage Limitation Endorsement with Substantial Certainty Exclusion (Designated States: North Dakota, Ohio, Washington, West Virginia, and Wyoming)" ("Endorsement 23") which provided an exclusion in the designated states for "**Bodily Injury** intentionally caused or aggravated by you, or **Bodily Injury** resulting from an act which is determined to have been committed by you with the belief that an injury is substantially certain to occur." Docket No. 112, Ex. 1-1, at CACTUS 000105. In its February 10, 2014 Order ("February 10 Order") granting Cactus' Motion for Partial Summary Judgment, the Court found that Endorsement 23 should be incorporated into the 2009-10 policy.

Specifically, the Court found that (1) Endorsement 23 created an ambiguity; (2) strictly construing such ambiguity against defendants, Cactus had reasonable expectation of coverage for substantial certainty claims in Oklahoma; (3) defendants failed to give proper notice when eliminating Endorsement 23 from the subsequent policies; and (4) as such, Endorsement 23 should be incorporated into the 2009-10 policy. The Court now addresses defendants' pending summary judgment motion.

II.    Summary Judgment Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III.    Discussion

A.    Breach of Contract

Defendants move for summary judgment on plaintiff's breach of contract claim on the basis that as a matter of law, the policy does not provide coverage for substantial certainty claims in Oklahoma. However, as noted above, in the Court's February 10 Order, which the Court incorporates

into this opinion in its entirety, the Court found that Cactus had a reasonable expectation of coverage for substantial certainty claims in Oklahoma. Accordingly, as defendants move for summary judgment on the basis that there is no coverage under the policy for substantial certainty claims, the Court denies defendants' request for summary judgment on plaintiff's breach of contract claim.

B.    Breach of the Duty of Good Faith and Fair Dealing

Defendants move for summary judgment on plaintiff's claim for breach of the duty of good faith and fair dealing. Specifically, defendants assert that there is no coverage under the policy and even if there was, there was a legitimate dispute present between the parties.

"Under Oklahoma law, an insurer has a legal duty to deal fairly and act in good faith with its insured[s]. An insured may bring a cause of action in tort for bad faith if the insurer breaches this duty. The essence of a bad faith claim centers on the unreasonableness of the insurer's conduct." *Vining on Behalf of Vining v. Enter. Fin. Grp., Inc.*, 148 F.3d 1206, 1213 (10th Cir. 1998) (internal quotation marks and citations omitted). "When there is conflicting evidence from which different inferences may be drawn regarding the reasonableness of an insurer's conduct, then what is reasonable is always a question to be determined by the trier of fact by a consideration of the circumstances in each case." *Peters v. Am. Income Life Ins. Co.*, 77 P.3d 1090, 1097 (Okla. Civ. App. 2003) (citing *Newport v. USAA*, 11 P.3d 190, 195-96 (Okla. 2000); *McCorkle v. Great Atl. Ins. Co.*, 637 P.2d 583, 587 (Okla. 1981); *Alsobrook v. Nat'l. Travelers Life Ins. Co.*, 852 P.2d 768, 770 (Okla. 1992); *Peters v. Am. Income Life Ins. Co.*, 77 P.3d 1090, 1097 (Okla. 2003)).

A plaintiff asserting a claim for breach of the duty of good faith and fair dealing must show that:

> 1) the plaintiff's loss was covered under the insurance policy issued by the insurer; 2) the insurer's refusal to pay the claim in full was unreasonable under the circumstances because it had no reasonable basis for the refusal, it did not perform a proper investigation, or it did not evaluate the results of the investigation properly; 3) the insurer did not deal fairly and act in good faith

with the plaintiff; and 4) the insurer's violation of its duty of good faith and fair dealing was the direct cause of the injury sustained by the plaintiff.

*Bailey v. Farmers Ins. Co., Inc.*, 137 P.3d 1260, 1264 (Okla. Civ. App. 2006) (citations omitted).

Further, the Supreme Court of Oklahoma has stated:

> The tort of bad faith does not foreclose the insurer's right to deny a claim, resist payment, or litigate any claim to which the insurer has a legitimate defense. A [bad faith] cause of action will not lie where there is a legitimate dispute. However, when presented with a claim by its insured, an insurer must conduct an investigation reasonably appropriate under the circumstances and the claim must be paid promptly unless the insurer has a reasonable belief that the claim is legally or factually insufficient. The decisive question is whether the insurer had a good faith belief, at the time its performance was requested, that it had justifiable reason for withholding payment under the policy. The knowledge and belief of the insurer during the time period the claim is being reviewed is the focus of a bad-faith claim.

*Newport v. USAA*, 11 P.3d 190, 195 (Okla. 2000) (internal citations and quotations omitted). "[T]he minimum level of culpability necessary for liability against an insurer to attach is more than simple negligence, but less than the reckless conduct necessary to sanction a punitive damage award against said insurer." *Badillo v. Mid Century Ins. Co.*, 121 P.3d 1080, 1094 (Okla. 2005).

In the case at bar, defendants first contend that plaintiff's bad faith claim fails as a matter of law because the policy does not provide coverage for substantial certainty claims. However, having already found the policy provides coverage for substantial certainty claims in Oklahoma, the Court finds that defendants are not entitled to summary judgment on this basis. Second, defendants contend that even if there was such coverage, defendants' denial was not unreasonable as there was a legitimate dispute[1] on the issue of whether coverage existed and, as such, plaintiff's bad faith claim fails as a

---

[1] The Court finds that there was a legitimate dispute between the parties. In assessing the underlying claim, defendants took the position that there was no coverage because plaintiffs in the underlying litigation asserted a substantial certainty claim, which is excluded from coverage because such a claim is not an occurrence within the meaning of the policy and is also excluded by the intended or expected provision. In opposition, plaintiff claimed that the policy provided coverage for such claims. As noted above, the Court found the policy provided coverage for substantial certainty claims because the Endorsement 23 provision in the 2006-07 policy created an ambiguity, that after strictly construing

matter of law. However, "even a legitimate dispute as to coverage will not act as an impenetrable shield against a valid claim of bad faith where the insured presents sufficient evidence reasonably tending to show bad faith or unreasonable conduct." *Vining on Behalf of Vining*, 148 F.3d at 1214 (internal quotation marks and citations omitted). Plaintiff, therefore, may still bring a bad faith claim if it can show sufficient evidence of bad faith or unreasonable conduct.

Plaintiff contends that defendants acted unreasonably or in bad faith because they conducted an inadequate investigation as evident from, among other assertions, the claim handler's testimony and other evidence indicating a lack of training in Oklahoma's legal standards regarding claims handling and coverage; defendants issued a coverage decision without seeking a coverage opinion from licensed Oklahoma counsel; defendants failed to document a single fact in the underlying case supporting defendants' coverage position; and defendants failed to consider numerous differences between the present case and case law regarding similar substantial certainty type of cases. In addition, plaintiff contends that defendants acted in a deceitful manner by withholding their true coverage position for eighteen months while at the same time receiving confidential information pertaining to the underlying litigation from plaintiff and providing input on plaintiff's trial strategy before ultimately notifying plaintiff of its true coverage position seven weeks before trial. Plaintiff contends that defendants essentially misled plaintiff of their true interest in the defense of the case, which allegedly impacted plaintiff's defense and settlement strategies.

Having thoroughly reviewed the parties' submissions, viewing everything in the light most favorable to plaintiff, the Court finds summary judgment on plaintiff's bad faith claim is not proper.

_____

such ambiguity against the insurer, plaintiff had a reasonable expectation of coverage for substantial certainty claims, and because defendants failed to provide adequate notice when eliminating Endorsement 23 from the subsequent policies, Endorsement 23 is read as part of the 2009-10 policy. Accordingly, the Court finds that under these circumstances there was a legitimate dispute between the parties.

Although defendants' conduct may or may not necessarily rise to minimum level of culpability necessary for liability and that as an excess insurance provider defendants' obligation "to participate in the insured's defense is triggered only by exhaustion of the primary policy[,]", *Yousuf v. Cohlmia*, 741 F.3d 31, 37 (10th Cir. 2014), the Court finds that when viewing defendants' conduct during the entire claim handling process in the light most favorable to plaintiff, plaintiff has provided sufficient conflicting evidence on the issue of whether defendants' actions rose to the level of bad faith to create a genuine issue of material fact. Accordingly, the Court finds that this issue is better suited for the trier of fact to weigh such evidence and make a determination on the reasonableness of defendants' actions.

    C.    <u>Fraud/Misrepresentation and Negligence Claims</u>

Plaintiff asserts that defendants intentionally and/or negligently represented to plaintiff that the policy provided excess employers liability coverage, and if the Court finds no coverage existed for substantial claims under the policy, plaintiff is entitled to receive any and all premiums it paid to defendants for the policy. Having found that the policy does in fact provide coverage for substantial certainty claims, the Court finds plaintiff's Fraud/Misrepresentation claim is now moot.

In addition, plaintiff asserts a claim for negligence on the basis that defendants failed to exercise the degree of care which a reasonable person would use under similar circumstances. Defendants assert that plaintiff may not allege a separate negligence claim in this case distinct from their claim for breach of the duty of good faith and fair dealing. Plaintiff does not address this claim in its response or its surreply briefs. Accordingly, the Court deems this argument confessed, and, thus, summary judgment is proper on plaintiff's negligence claim.

**IV.**    <u>Conclusion</u>

Accordingly the Court GRANTS IN PART and DENIES IN PART defendants' Motion for Final Summary Judgment [docket no. 153] as follows:

    (A)    The Court GRANTS defendants' motion as it pertains to plaintiff's negligence claim;

(B)     The Court finds plaintiff's estoppel/waiver[2] and fraud/misrepresentation claims to be MOOT; and

(C)     The Court DENIES defendants' motion as it pertains to plaintiff's breach of contract and breach of the duty of good faith and fair dealing.

**IT IS SO ORDERED this 31st day of March, 2014.**


VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff asserts that due to defendants' conduct in handling the underlying claim, defendants have waived or are estopped from asserting any coverage defenses now. However, as noted above, the Court has found that the policy provides coverage for substantial certainty claims in Oklahoma. As it appears that plaintiff makes this waiver/estoppel claim as an alternative basis in the event the Court finds that the policy does not provide coverage for substantial certainty claims in Oklahoma, the Court finds that plaintiff's waiver/estoppel claim is now moot.