# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CACTUS DRILLING COMPANY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-12-00191-M |
| | ) | |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA and CHARTIS CLAIMS, INC., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is defendants' Motion to Reconsider, or Alternatively, Motion for Clarification of the Court's Order of January 30, 2014, filed March 3, 2014. On March 7, 2013, plaintiff filed its response, and on March 18, 2013, defendants filed their reply. Based upon the parties' submissions, the Court makes its determination.

I.  Introduction

On November 27, 2013, plaintiff filed a Motion for Clarification of the Court's October 3, 2013 Order and to Compel, and Request for Expedited Ruling, and Brief in Support [docket no. 227]. While the motion was pending fully briefed, the Court, concerned with the parties' conduct throughout this litigation and a fourth request for continuation of trial, held a hearing in this case. During the hearing, among other issues, the parties discussed outstanding discovery issues pertaining to plaintiff's motion.[1] At the hearing, defendants asserted that some of the documents sought may have been accidently destroyed. Based on the Court's statements regarding the parties' failure to properly communicate and their unnecessary and excessive briefing on numerous issues the parties could have resolved through better communication, the parties indicated they would try to work out the remaining discovery issues. On December 31, 2013, the Court ruled on parts of

---

[1] Part of plaintiff's motion moved the Court to compel defendants to produce certain documents.

1

plaintiff's motion and, based on the parties' statements in Court, instructed the parties to file a status report on the status of the discovery issues. On January 13, 2014, the parties filed a Joint Status Report [docket no. 264]. On January 30, 2014, the Court ruled on plaintiff's motion to compel.

Contrary to their assertions at the hearing, the parties again failed to communicate with each other properly. As a result, on February 28, 2014, per plaintiff's request, the Court held a phone status conference to address plaintiff's concern that it is unable to get any meaningful updates or responses from defendants regarding the Court's January 30, 2014 Order. During the status conference, defendants stated that they planned on filing motions regarding the Court's January 30, 2014 Order. The Court instructed defendants to file such motions. On March 04, 2014, defendants filed this Motion to Reconsider, or Alternatively, Motion for Clarification of the Court's Order [267] of January 30, 2014.

II.     Discussion

Defendants move the Court to reconsider its January 30, 2014 Order. "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct error or prevent manifest injustice." *Servants of the Paraclete v. John Does I-XVI,* 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is appropriate "where the court has misapprehended the facts, a party's position, or the controlling law" but is not appropriate "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

    A.     *Mann v. Steel* claim

On November 27, 2013, among other requests, plaintiff moved the Court to compel defendants to produce documents pertaining to the *Mann v. Steel* claim, another claim that was handled by defendants' adjuster, Jeannette Paull, who was also handling the Cactus insurance claim. In their response brief, defendants objected on the basis that, among other assertions, the fact

Jeannette Paull "may have reviewed an update of Oklahoma law in a coverage opinion from another matter before drafting her coverage opinion letter to Cactus . . . . does not make the privileged 'Man v. Steel' [sic] matter discoverable; Ms. Paull did not cite or rely on the advice of counsel as any basis for her denial of coverage. Without such reliance, Ms. Paull did not put any privileged material at issue." Docket No. 245, at 20-21 (internal citations omitted). In its reply brief, plaintiff contended that Ms. Paull revealed the content of the privileged document in her email to her supervisor; thus, any claim of privilege with respect to the opinion has been waived. Docket No. 253, at 8-9. Plaintiff also asserted that this information is critical as it shows that defendants knew what their coverage position was going to be for a significant period of time. *Id.*

The parties further addressed this issue during the December 19, 2013 hearing before the Court and in the subsequent Joint Status Report signed by both parties. Docket No. 264, at 5-6. In the Joint Status Report, plaintiff again asserted that "any potential attorney-client privilege with respect to such documents has been waived. Cactus incorporates by references its prior briefing on this issue." Docket No. 264, at 5. Defendants also addressed this issue in the Joint Status Report asserting the documents are protected by attorney-client privilege and that "Defendants incorporate by reference their prior briefing on this issue and arguments at hearing." *Id.* The Court, in its January 30, 2014 Order, found that defendants should be compelled to produce such documents because they have waived their privilege.

Defendants now seek the Court to reconsider its ruling that defendants should be compelled to produce documents related to the *Mann v. Steel* claim because such ruling presents clear error and manifest injustice. Specifically, defendants contend that Cactus failed to assert and/or establish that defendants have waived their privilege regarding such materials.

Generally, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). If a party withholds

3

otherwise discoverable documents claiming privilege, the asserting party bears the burden of establishing the existence of the privilege and must make a clear showing that the privilege applies. *Metzger v. Am. Fid. Assur. Co.*, No. CIV-05-1387-M, 2007 WL 3274922, at *1 (W.D. Okla. Oct. 23, 2007) (citations omitted). If a party contends that the asserting party has waived the privilege,

> [t]hree factors are consistently applied by the courts in evaluating whether or not a party has waived an otherwise applicable privilege through some affirmative act.
> 1. Whether the assertion of the privilege is the result of some affirmative act, such as filing suit or asserting an affirmative defense, by the asserting party.
> 2. Whether the asserting party, through the affirmative act, put the protected information at issue by making it relevant to the case.
> 3. If the privilege was applied, would it deny the opposing party access to information that was vital to the opposing parties defense.

*Cardtoons, L.C. v. Major League Baseball Players Ass'n*, 199 F.R.D. 677, 681 (N.D. Okla. 2001).

However,

> Because confidentiality is key to the privilege, "[t]he attorney-client privilege is lost if the client discloses the substance of an otherwise privileged communication to a third party." *United States v. Ryans*, 903 F.2d 731, 741 n. 13 (10th Cir. 1990). This court has stated, "the confidentiality of communications covered by the privilege must be jealously guarded by the holder of the privilege lest it be waived. The courts will grant no greater protection to those who assert the privilege than their own precautions warrant." (quotation and alteration omitted).

*In re Qwest Commc'ns Int'l Inc.*, 450 F.3d 1179, 1185 (10th Cir. 2006).

Defendants go to great lengths to argue that their assertion of the privilege is not the result of some affirmative act of defendants as they did not file this lawsuit nor assert any affirmative defenses. Defendants also assert they did not make the protected information at issue by making it relevant to this case nor is the information sought necessary or vital to plaintiff's claims. Defendants are correct in their assertions that they have not asserted any defense or any claims against plaintiff that would be sufficient to require defendants to disclose the sought privileged documents. However, defendants have already voluntarily disclosed such privileged communication to plaintiff. Contrary to defendants' assertion, Ms. Paull's email did not simply refer to the coverage advice in the *Mann v. Steel* case; rather, as plaintiff points out, the email specifically identified the

4

communication, identified the firm who has conducted the "legal analysis", the content of the legal analysis for the *Mann v. Steel* claim, and that Ms. Paull used this legal analysis and the draft position from the *Mann v. Steel* claim to draft a similar letter on Cactus's claim.[2] *See* Docket No. 284, Ex. 1. By disclosing such privileged document to plaintiff, defendants voluntarily waived their privilege. Accordingly, the Court finds that defendants have voluntarily waived the attorney-client privilege on this subject matter.[3]

In the alternative, defendants seek clarification to limit a ruling of waiver to the *Mann v. Steel* draft denial letters. Defendants assert Ms. Paull's email only references the strength of the analysis in the *Mann v. Steel* draft denial letter and does not mention the coverage opinion. However, here, defendants have voluntarily disclosed privileged materials, and, as such, the Court may deem that defendants have waived privilege as to the rest of documents pertaining to this subject matter. Notwithstanding defendants' voluntary disclosure, the Court, in its January 30, 2014 Order, limited plaintiff's request when it compelled defendants to produce "the original coverage

---

[2] The Court also notes that defendants have also already produced to plaintiff a draft of Cactus' denial letter which, although referencing Cactus' claim, contains significant, if not all, portions of the legal analysis under the facts and policy of the *Mann v. Steel* claim. Docket No. 284, Ex. 3.

[3] Defendants cite to *Cudd Pressure Control, Inc. v. N.H. Ins. Co.*, No. CIV-12-1178-D, 2014 WL 494532 (W.D. Okla. 2014), asserting that this decision issued after the Court's January 30, 2014 Order warrants the Court's reconsideration. The Court finds defendants position to be unpersuasive. First, *Cudd* is not binding on this Court and does not warrant a reconsideration of this Court's decision even if the *Cudd* decision reaches a different result. Second, *Cudd* is easily distinguishable from this case in that the defendants in *Cudd* inadvertently disclosed privileged documents and promptly notified the plaintiff of such error and attempted to claw back such documents. *Id.* at *3. Notwithstanding, the *Cudd* court found that the defendants failed to take reasonable steps to prevent such inadvertent disclosure and, as such, the defendants waived privilege as to those documents inadvertently produced. *Id.* at *4. In contrast, in the case at bar, defendants *voluntarily* disclosed the content of the privileged communication to plaintiff through Ms. Paull's email and draft letter, and defendants have made no attempt to claw back such documents.

opinion, the draft denial letter, and any amendments to the coverage opinion or denial letter in the *Mann v. Steel* case."[4] Docket No. 267, at 3. Thus, the Court denies defendants' request.

B. <u>Discovery Regarding Defendants' Document Retention and Litigation Hold Practices</u>

In the Court's January 30, 2014 Order, the Court ordered defendants to produce documents and witnesses pertaining to their document retention and litigation hold practices and policies. Defendants now contend that (1) the Court's order as to the discovery is premature; (2) document production and a witness on this topic is irrelevant and not discoverable; and (3) alternatively, the Court should limit discovery on these topics.

Having carefully reviewed the parties' submissions and the record, the Court denies defendants' request. First, the Court finds that its ruling was not premature. The parties submitted a Joint Status Report signed by both parties stating: "Because Court's December 31 order requested a status update only as to discovery issues raised in Cactus' motion, that is all the parties are including in this Joint Status Report. The parties will submit individual status reports or motions/briefing regarding discovery issues discussed during the December 19 hearing but not addressed in Cactus' Motion." Docket No. 264, at 2. In the report, Cactus asserted that it:

> **requests a ruling from** the Court regarding: (1) whether Defendants must produce their document retention and litigation hold practices and policies; (2) whether Defendants must produce a witness for deposition regarding what was done with Ms.

---

[4] Plaintiff initially moved the Court to compel defendants to produce:
- From the *Atlas Tubular/Man v. Steel Pipe & Tube* case/claim, the original coverage opinion, the updated coverage opinion, the draft denial letter, and any amendments or supplements to, or iterations of, any of those documents.
- All communications between Defendants and the Holden & Carr law firm regarding the *Atlas Tubular/Man v. Steel Pipe & Tube* claim and any assessments thereof.
- All documents relating to reserving, denying, or analyzing coverage with respect to the *Atlas Tubular/ Atlas Tubular/Man v. Steel Pipe & Tube.*

Docket No. 227, at 25 (internal references omitted).

> Valerio's hard copy Cactus file; and (3) whether Defendants must further produce a witness on their document retention and litigation hold practices and policies, and whether they were followed with respect to Ms. Valerio's file.

Docket No. 264, at 3-4 (emphasis added). In the same Joint Status Report, defendants asserted they "believe the other information regarding document retention and litigation hold practices and policies is privileged, unnecessary, irrelevant and a waste of the parties' and Court's resources." Docket No. 264, at 3. Nowhere in the Joint Status Report did defendants contend that any such ruling on this issue would be premature because plaintiff has not yet issued a request for production of documents on this topic.

Second, even if the Court was to agree that such a ruling was premature, the Court disagrees with defendants' conclusion that discovery on such topic is irrelevant and not discoverable. Plaintiff sought the production of Mellissa Valerio's hard copy Cactus files. At the December 30, 2013 hearing, defendants asserted that such documents were accidently destroyed when Ms. Valerio left the company. Plaintiff is entitled to inquire into the circumstances of the destruction of such relevant files while this litigation is pending, whether defendants took proper precautions, and whether such precautions were actually exercised by defendants' employees. Thus, clearly a discovery request on defendants' document retention and litigation hold practices and policies and whether such policies were followed with respect to Ms. Valerio's hard copy Cactus file is relevant and discoverable.

Lastly, in the interest of moving this litigation forward, the Court directs the parties to confer and address the privilege issue and stipulations offered by defendants as it pertains to plaintiff's request for defendants' document retention and litigation hold policies and the circumstances of the destruction of Ms. Valerio's hard copy Cactus files. While defendants' stipulations offered may be a good place to start and that plaintiff may choose to agree to defendants' current stipulations, the Court will not force plaintiff to stipulate to such facts. However, because the parties have conducted

extensive discovery already, this case is scheduled for trial on the Court's May 2014 trial docket, and this is an ancillary issue, the Court finds the parties may be able to efficiently work out this issue with proper stipulations. Accordingly, the Court denies defendants request, and instead, the Court ORDERS the parties to further negotiate and attempt to work out a resolution to address this issue.[5]

III. Conclusion

Accordingly, the Court DENIES defendants Motion to Reconsider, or Alternatively, Motion for Clarification of the Court's Order of January 30, 2014 [docket no. 278] and DIRECTS the parties as follows:

(A) The Court ORDERS defendants to provide the requested *Mann v. Steel* documents within eight (8) days of the date this Order;

(B) The Court ORDERS the parties to file any request to amend the witness list or exhibit list within (3) days after the production of the *Mann v. Steel* documents; and

(C) The Court ORDERS the parties to, in good faith, attempt to resolve the issue regarding defendants' document retention and litigation hold practices. The parties are further directed to file a Status Report on this issue within 8 days of the date of this Order.

**IT IS SO ORDERED this 2nd day of April, 2014.**

*[signature]*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

---

[5] The Court has been disappointed with the parties' inability to communicate in good faith and work out many discovery issues that could have been resolved between the parties. Such behavior has necessitated repeated intervention by the Court, unnecessarily and significantly depleting the Court and the parties' valuable time and resources. Accordingly, the Court advises the parties that it will not look favorably on any party engaging in less than good faith behavior that leads to further abuse of the Court's time and resources.